**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| OLUWADAMILOLA BAMIGBOYE, | Case No. 26-CV-2102 (LMP/JFD) |
| Petitioner, | |
| v. | **ORDER** |
| DEPARTMENT OF HOMELAND SECURITY, DHS; IMMIGRATION AND CUSTOMS ENFORCEMENT, ICE; DIRECTOR OF ST. PAUL FIELD OFFICE ICE; ADMINISTRATOR SHERBURNE COUNTY JAIL; and ACTING DIRECTOR ST. PAUL FIELD OFFICE ICE, | |
| Respondents. | |

Petitioner Oluwadamilola Bamigboye has filed a petition for a writ of habeas corpus challenging both the legality of his ongoing detention at the behest of United States immigration officials and the conditions of that ongoing confinement. (*See generally* Pet., Dkt. No. 1.) This Court has conducted an initial review of the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As a result of that review, this Court concludes that a response to the petition will be necessary, both to establish the factual circumstances and the legal basis of Mr. Bamigboye's ongoing detention.

Mr. Bamigboye is cautioned, however, that he cannot litigate claims related to the conditions of his confinement—for example, the quality of medical care at the facility

where he is now being detained—through a petition for a writ of habeas corpus. Conditions-of-confinement claims may only be raised through non-habeas civil litigation. *See Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014). Accordingly, no response to Mr. Bamigboye's claims related to the conditions of confinement is requested at this time. Respondents should instead focus on Mr. Bamigboye's claims insofar as they relate to the legality of his detention. If Mr. Bamigboye intends to litigate conditions-of-confinement claims, he will have to do so through a separate complaint in a separate lawsuit.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Respondents are directed to file an answer to the petition for a writ of habeas corpus filed by Petitioner Oluwadamilola Bamigboye within 14 days of this Order certifying the true cause and proper duration of Mr. Bamigboye's confinement and showing cause why the writ should not be granted in this case.

2. Respondents' answer shall include:

   a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Mr. Bamigboye's detention in light of the issues raised in the habeas petition;

   b. A reasoned memorandum of law and fact explaining respondents' legal position on Mr. Bamigboye's claims; and

2

       c.     Respondents' recommendation on whether an evidentiary hearing should be conducted.

3.     If Mr. Bamigboye intends to file a reply to Respondents' answer, Mr. Bamigboye must do so within 7 days of the date when the answer is filed. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

Dated: April 6, 2026                    _s/ *John F. Docherty*_____
                                       JOHN F. DOCHERTY
                                       United States Magistrate Judge