**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

OLUWADAMILOLA BAMIGBOYE,

        Petitioner

v.

DEPARTMENT OF HOMELAND
SECURITY, DHS; IMMIGRATION
AND CUSTOMS ENFORCEMENT,
ICE; DIRECTOR OF ST. PAUL FIELD
OFFICE ICE; ADMINISTRATOR
SHERBURNE COUNTY JAIL; and
ACTING DIRECTOR ST. PAUL FIELD
OFFICE ICE,

        Respondents.

Case No. 26-CV-2102 (LMP/JFD)

**REPORT AND RECOMMENDATION**

---

Petitioner Oluwadamilola Bamigboye is currently being prosecuted in this District on one count of having unlawfully resisted arrest by a federal official in violation of 18 U.S.C. § 111. *See United States v. Bamigboye*, No. 25-CR-0477 (LMP/JFD) (D. Minn.). Mr. Bamigboye is also the subject of ongoing immigration removal proceedings. Following his arrest in the criminal matter, Mr. Bamigboye was ordered released on conditions. (Declaration of Angela Minner ("Minner Decl.") Ex. E, Dkt. No. 13-5.) By the time of his release on conditions, however, Mr. Bamigboye was subject to both an immigration detainer (Minner Decl. Ex. F, Dkt. No. 13-6), and an administrative warrant for his arrest for the purpose of initiating the removal proceedings that are now ongoing against him (Minner Decl. Ex. H, Dkt. No. 13-8).

1

After he was taken into immigration custody, Mr. Bamigboye was afforded a bond hearing pursuant to 8 U.S.C. § 1226(a) and, later, a custody redetermination hearing pursuant to 8 C.F.R. § 1236. Both times, Mr. Bamigboye was kept in custody, with the immigration judge explaining following the custody-redetermination hearing that Mr. Bamigboye had "not established he does not pose a danger to persons or property and that he does not pose a significant flight risk." (Minner Decl. Ex. G, Dkt. No. 13-7.) Mr. Bamigboye remains in immigration custody today.

Mr. Bamigboye has filed a petition for a writ of habeas corpus raising a panoply of claims challenging the lawfulness of that ongoing detention. This Court ordered the government to respond to the habeas petition, which it has (*see* Dkt. No. 12), and provided Mr. Bamigboye with an opportunity to reply to that response, which he has (*see* Dkt. No. 17). Each of the parties has also submitted documentary evidence in support of their respective legal positions. After a review of the briefing and the evidence submitted by the parties, this Court concludes that Mr. Bamigboye is not entitled to habeas corpus relief. Accordingly, it is recommended that the habeas petition be denied and this case dismissed.

Mr. Bamigboye's habeas petition raises four grounds for relief. (Pet. at 6-7, Dkt. No. 1). The four grounds, however, do not map neatly onto specific legal claims. Aspects of certain legal claims can be found in more than one ground for relief, while individual grounds for relief sometimes contain more than one legal claim. Mr. Bamigboye is not an attorney, and his habeas petition is therefore entitled to review under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). This Court finds that, fairly interpreted, the habeas petition can be

read as raising the following three claims for relief (which do not correspond neatly to the grounds for relief formally presented): (1) that Mr. Bamigboye is not subject to removal from the United States and should not be held in detention during removal proceedings that should not be occurring; (2) that Mr. Bamigboye has not been provided adequate medical attention while in immigration custody; and (3) that the decision of the immigration judge not to release Mr. Bamigboye on bond unlawfully contradicts the finding of the magistrate judge as part of the criminal proceedings that he was not a risk to others or a risk to flee.

Unfortunately for Mr. Bamigboye, there are jurisdictional hurdles impeding each of these claims as currently raised.

First, with respect to the lawfulness of the removal proceedings, 8 U.S.C. § 1252(g) provides (with exceptions not relevant here) that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." An immigration detainee may, in some circumstances, invoke habeas corpus to challenge the lawfulness of his detention— section 1252(g) does not wholly deprive federal district courts of jurisdiction over every claim that brushes up against the reality of ongoing removal proceedings, *see Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 483-87 (1999)—but the provision does squarely preclude the Court from examining whether removal proceedings should be ongoing against Mr. Bamigboye at all. Mr. Bamigboye cannot in this proceeding challenge his detention on the grounds that he should not be removed from the United States.

3

Second, with respect to the quality of the medical care that Mr. Bamigboye has received while detained, the Eighth Circuit has long been clear that "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); *accord Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014). Claims of medical negligence or deliberate indifference to medical needs could be raised by Mr. Bamigboye only through a non-habeas civil complaint. Because Mr. Bamigboye is a prisoner[1] for purposes of 28 U.S.C. § 1915(h), he would be required to pay the statutory filing fee for such a proceeding, *see* 28 U.S.C. § 1915(b), and he would not be permitted to go forward with his conditions-of-confinement claims until he had fully exhausted available administrative remedies for those claims, *see* 42 U.S.C. § 1997e(a).

Third, with respect to the claim regarding the immigration judge's decision not to release Mr. Bamigboye on bond pursuant to § 1226(a), discretionary decisions of an immigration judge regarding bond determinations have similarly been placed outside the jurisdiction of the Court. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Section 1226(e) does not preclude a habeas petitioner from raising structural or constitutional challenges to

---

[1] Immigration detainees usually fall outside of the definition of "prisoner" used by § 1915(h), but Mr. Bamigboye, unlike most immigration detainees, is "accused of . . . violations of criminal law."

4

the immigration detention statutes, *see Jennings v. Rodriguez*, 583 U.S. 281, 295-96 (2018), but it does prevent the Court from looking at the case file and then concluding that the immigration judge should have released the petitioner on bond. In other words, discretionary decisions under § 1226(a) are committed to the discretion of the immigration judge, not the discretion of this Court.

Mr. Bamigboye attempts to evade the consequences of § 1226(e) by characterizing his claims as constitutional challenges to his detention and therefore outside the ambit of the jurisdiction-stripping provision of § 1226(e). *See Jennings*, 583 U.S. at 295-96. For the most part, however, these constitutional claims are merely dressing for what is, at heart, a challenge to the discretionary decision of the immigration judge. Mr. Bamigboye does not, for example, adequately explain why the denial of bond amounts to a violation of his due-process rights, except to argue that a federal magistrate judge had previously concluded that he should be released during the pendency of the criminal prosecution against him. But the fact that one judge reached one discretionary decision regarding release as part of one proceeding, while a different judge reached a different discretionary decision regarding release as part of a different proceeding, does not amount to a violation of due process.[2] Indeed, that two different judges could reach two different conclusions with respect to a discretionary bond decision is exactly the circumstance contemplated by § 1226(e).

---

[2] Mr. Bamigboye also suggests in his briefing that the duration of his confinement has extended to the point that continued detention would amount to a violation of his due-process rights. But due-process claims that an immigration detainee has been held in custody for too long during pending immigration proceedings are precluded within the Eighth Circuit. *See Banyee v. Garland*, 115 F.4th 928, 931-34 (8th Cir. 2024).

Mr. Bamigboye is more particular about the constitutional aspect of his claim in one respect. In his reply brief, Mr. Bamigboye argues that his initial arrest was carried out without a warrant and that the absence of a warrant renders unlawful any continuing detention resulting from that arrest. However, Mr. Bamigboye did not raise this argument in his habeas petition; it is only in Mr. Bamigboye's reply to the government's response that the argument first appears. Courts do not, as a general matter, consider arguments or claims first raised in a reply brief, *see Redking Foods LLC v. Minn Associates LP*, No. 13-CV-0002 (PJS/JSM), 2014 WL 754686, at *4 n.4 & n.5 (D. Minn. Feb. 26, 2014), for the simple reason that by raising an issue for the first time in a reply brief, a litigant deprives the opposing party from having a fair opportunity to respond to the argument. The government could not reasonably have known from the habeas petition that Mr. Bamigboye intended to challenge the lawfulness of his arrest and therefore, understandably, did not offer any arguments responsive to the claim.

Mr. Bamigboye has not established an entitlement to habeas corpus relief; indeed, his claims largely fall outside the jurisdiction of the Court even to consider. Because of those jurisdictional barriers, it is recommended that the habeas petition be denied and this case dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of Petitioner Oluwadamilola Bamigboye (Dkt. No. 1) be **DENIED**.

2.      This case be **DISMISSED WITHOUT PREJUDICE**.


Dated: May 5, 2026                              _s/ John F. Docherty_____
                                                JOHN F. DOCHERTY
                                                United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).