**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

OLUWADAMILOLA B.,

Petitioner,

v.

DEPARTMENT OF HOMELAND
SECURITY; IMMIGRATION AND
CUSTOMS ENFORCEMENT;
DIRECTOR OF ST. PAUL FIELD
OFFICE ICE; ADMINISTRATOR
SHERBURNE COUNTY JAIL; and
ACTING DIRECTOR ST. PAUL FIELD
OFFICE ICE,

Respondents.

Case No. 26-cv-2102 (LMP/JFD)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

Oluwadamilola B., pro se.

Carl H. Berry, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Oluwadamilola B. filed a petition for a writ of habeas corpus alleging that Respondents (the "Government") have unlawfully detained him pending the conclusion of his ongoing immigration removal proceedings. *See generally* ECF No. 1. On May 5, 2026, United States Magistrate Judge John F. Docherty issued a Report and Recommendation ("R&R") recommending that Oluwadamilola B.'s petition be denied. ECF No. 20 at 6–7. Oluwadamilola B. timely filed objections to the R&R. ECF No. 21. Having considered Oluwadamilola B.'s objections, and the Government's argument in response to those objections, ECF No. 22, the Court adopts the R&R.

**FACTUAL BACKGROUND**

Oluwadamilola B. is a native and citizen of Nigeria who entered the United States in July 2019 on a student visa. ECF No. 13-1 at 1; ECF No. 13-2 at 2. After completing his initial studies, Oluwadamilola B. was granted an extension on his student visa to attend college in Minnesota. *See* ECF No. 13-2 at 1–2. His student visa ultimately was terminated in September 2024 after Oluwadamilola B.'s nonpayment of tuition led to his unenrollment. *See id.* at 1. Oluwadamilola B. was approved for an employment visa in June 2025, *see* ECF No. 1 at 6, but is not yet eligible to apply for adjustment of status, *see id.*; *see also* ECF No. 13-3. While Oluwadamilola B. now claims to have a pending asylum application, ECF No. 1 at 6, Department of Homeland Security ("DHS") records show that as of December 17, 2025, Oluwadamilola B. "claim[ed] to have no pending applications or petitions for benefits before DHS," and DHS has no record of any such pending asylum applications or petitions. ECF No. 13-9 at 3.

On December 10, 2025, DHS agents encountered Oluwadamilola B. *See United States v. [Oluwadamilola B.]*, No. 25-cr-477 (LMP/JFD), ECF No. 1-1 at 2–5 (D. Minn. filed Dec. 11, 2025). As a result of his alleged conduct during that encounter, Oluwadamilola B. was arrested and indicted on one count of aiding and abetting the resisting and impeding of a federal officer in violation of 18 U.S.C. § 111. *See id.* at 6; *id.*, ECF No. 18 (D. Minn. filed Dec. 16, 2025). Oluwadamilola B. was released on a bond by United States Magistrate Judge David T. Schultz. *Id.*, ECF No. 23 (D. Minn. filed Dec. 16, 2025); *see also id.*, ECF No. 27 (D. Minn. filed Dec. 16, 2025) (setting conditions for release). Those criminal proceedings are ongoing.

After his release on bond, Oluwadamilola B. was transferred to the custody of Immigration and Customs Enforcement ("ICE") on December 16, 2025, ECF No. 1 at 6, pursuant to an immigration detainer, ECF No. 13-6, and an administrative warrant that was served on Oluwadamilola B. that day, ECF No. 13-8. He also was served a Notice to Appear charging him with removability under the Immigration and Naturalization Act ("INA"), alleging that he "failed to maintain or comply with the conditions" of his student visa. ECF No. 13-1 at 1.

While in immigration custody, Oluwadamilola B. requested and received a bond redetermination hearing pursuant to 8 U.S.C. § 1236. *See* ECF No. 13-7. The immigration judge denied bond on the basis that Oluwadamilola B. "has not established he does not pose a danger to persons or property and that he does not pose a significant flight risk." *Id.* Oluwadamilola B. did not appeal that decision to the Board of Immigration Appeals.

## PROCEDURAL BACKGROUND

Representing himself, Oluwadamilola B. filed his petition on March 31, 2026. *See* ECF No. 1 at 6. The Government timely responded, ECF No. 12, and Oluwadamilola B. timely filed a reply to the Government's response, ECF No. 17.

On May 5, 2026, Judge Docherty entered the R&R. Judge Docherty construed Oluwadamilola B. to raise three claims: (1) that Oluwadamilola B. "is not subject to removal from the United States and should not be held in detention during removal proceedings that should not be occurring"; (2) that Oluwadamilola B. "has not been provided adequate medical attention while in immigration custody"; and (3) that the immigration judge's decision to deny Oluwadamilola B. release on bond "unlawfully

3

contradicts the finding of the magistrate judge as part of the criminal proceedings." ECF No. 20 at 2–3.

As to the first claim, Judge Docherty concluded that Oluwadamilola B. cannot "challenge his detention on the grounds that he should not be removed from the United States" because judicial review of DHS's decision to initiate removal proceedings is precluded by 8 U.S.C. § 1252(g). *Id.* at 3. On the second claim, Judge Docherty concluded that the relief Oluwadamilola B. seeks is not available in habeas and, instead, must be raised "through a non-habeas civil complaint." *Id.* at 4. Finally, Judge Docherty explained that Oluwadamilola B.'s claim that the immigration judge improperly denied Oluwadamilola B. bond is "outside the jurisdiction of the Court" under 8 U.S.C. § 1226(e). *Id.* at 4–5.

Oluwadamilola B. timely filed objections to the R&R, ECF No. 21, and the Government timely filed a response to those objections, ECF No. 22.

## ANALYSIS

If a party timely objects to a magistrate judge's recommended ruling on a dispositive issue, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). The portions of the R&R to which there are no timely and specific objections are reviewed for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

A common thread running through many of Oluwadamilola B.'s objections is that Judge Docherty "improperly construe[d]" and "incorrectly characterize[d]" his claims. *Id.* at 1, 3–4. Oluwadamilola B. insists that his petition should have been construed as raising challenges relating to: (1) the "legality of [his] continued detention"; (2) "[v]iolations of substantive and procedural due process"; (3) the "constitutionality of [his] arrest and detention procedures"; (4) "[a]rbitrary denial of liberty despite favorable findings that [he] is neither dangerous nor a flight risk"; and (5) "[u]nconstitutional detention conditions." *Id.* at 2. Under that framing, Oluwadamilola B. raises six objections to the R&R, which essentially fall into four categories: (1) the R&R incorrectly concludes that judicial review of some of his claims is barred by 8 U.S.C. § 1252(g), *see id.* at 2; (2) the R&R does not meaningfully address his due-process claims, *see id.* at 3, 6–7; (3) Judge Docherty improperly declined to consider Oluwadamilola B.'s unlawful-arrest claim, *see id.* at 4; and (4) the R&R incorrectly concludes that his conditions-of-confinement claim is not appropriately raised in a habeas petition, *see id.* at 5.

Courts must "liberally construe pro se filings." *Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024). For the purpose of conducting a de novo review of the R&R, *see* 28 U.S.C. § 636(b)(1), the Court applies this principle to Oluwadamilola B.'s petition as well as his objections.

## I.      Jurisdiction

Oluwadamilola B. first argues that the R&R "incorrectly concludes that 8 U.S.C. § 1252(g) and related jurisdiction-stripping provisions bar review of [his] claims." ECF No. 21 at 2. But the claim labeled as "GROUND ONE" of Oluwadamilola B.'s petition

can only reasonably be read to raise, in effect, a challenge to the Government initiating removal proceedings against Oluwadamilola B. despite his grant of an employment visa and his purportedly pending asylum application. *See* ECF No. 1 at 6. And the INA expressly states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by [DHS] to *commence proceedings*, adjudicate cases, or execute removal orders against any [noncitizen]." 8 U.S.C. § 1252(g) (emphasis added).

In other words, whatever the merits of Oluwadamilola B.'s argument, this Court lacks the authority to review or to intervene in the Government's decision to initiate removal proceedings against Oluwadamilola B. *Id.* And "a court cannot issue a ruling on the merits 'when it has no jurisdiction' because 'to do so is, by very definition, for a court to act [beyond its authority].'" *Brownback v. King*, 592 U.S. 209, 218, 218 n.8 (2021) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998)). This objection therefore is overruled.

## II.  Due Process

Oluwadamilola B. contends that the R&R "improperly minimizes the serious due process concerns raised by [his] prolonged detention." ECF No. 21 at 3. But Oluwadamilola B.'s due-process claims fail as a matter of law for a few reasons.

Oluwadamilola B. was transferred to ICE custody and detained under 8 U.S.C. § 1226(a) on December 16, 2025, pursuant to an immigration detainer, ECF No. 13-6, and an administrative warrant that was served on Oluwadamilola B. that day, ECF No. 13-8. Oluwadamilola B. was afforded a bond redetermination hearing pursuant to 8 U.S.C.

§ 1236 on February 17, 2026. ECF No. 13-7. Oluwadamilola B., having received notice of the basis for his detention and an opportunity to seek his release on bond before an immigration judge, has received the process he is due as it pertains to his immigration detention. *See Mitchell v. Dakota Cnty. Soc. Servs.*, 959 F.3d 887, 897 (8th Cir. 2020) (quoting *Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir. 2005)) ("The Due Process Clause requires that the person whose rights are being interfered with receives notice and has an 'opportunity to be heard at a meaningful time and in a meaningful manner.'").

To the extent Oluwadamilola B. challenges the immigration judge's conclusion that he is not amenable to release, this Court lacks jurisdiction to review that decision. *See* 8 U.S.C. § 1226(e) (explaining that an immigration judge's "discretionary judgment" regarding whether a noncitizen detained under Section 1226(a) may be released on bond "shall not be subject to review," and that "[n]o court may set aside any action or decision" pertaining to "the revocation or denial of bond or parole"). It does not matter that Oluwadamilola B. was released on a recognizance bond in his criminal proceedings based, presumably, on a determination that he was not a flight risk or danger to the community. The immigration judge that presided over his bond redetermination hearing concluded otherwise, and this Court is precluded from reviewing that decision or the basis for that decision. *See id.*

Finally, Oluwadamilola B. appears to challenge the length of his current detention. *See* ECF No. 21 at 3. But the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003). The length of that detention may, at some point, raise

constitutional concerns. *See Zadvydas v. Davis*, 533 U.S. 678, 697 (2001). But what matters is that detention of a noncitizen pending the conclusion of removal proceedings "ha[s] a definite termination point," specifically a determination whether the noncitizen will be removed or will be permitted to remain in the United States. *Demore*, 538 U.S. at 528–29. Oluwadamilola B. has been in ICE custody since December 16, 2025, *see* ECF No. 13-9 at 3, and he is set for a hearing in his removal proceedings on June 3, 2026, ECF No. 13-10. His detention therefore "ha[s] a definite termination point" and is constitutionally permissible. *Demore*, 538 U.S. at 526, 528–29.

For these reasons, Oluwadamilola B.'s objections to the R&R relating to his due-process claims are overruled.

## III.    Unlawful Arrest

Oluwadamilola B. also contends that Judge Docherty erred because he "decline[d] to consider [Oluwadamilola B.'s] challenge to the legality of the arrest and detention procedures." ECF No. 21 at 4. But Oluwadamilola B.'s petition, even liberally construed, does not challenge the legality of his arrest or the manner in which he was initially detained. *See* ECF No. 1 at 6–7. Instead, Oluwadamilola B. raised this argument for the first time in his reply brief. *See* ECF No. 17 at 3–4. And "federal courts do not, as a rule, entertain arguments made by a party for the first time in a reply brief." *Anderson v. Rugged Races LLC*, 496 F. Supp. 3d 1270, 1285 n.11 (D. Minn. 2020) (citation omitted).

Regardless, Oluwadamilola B.'s claim fails even considering his untimely argument. Recall that Oluwadamilola B. was initially arrested and detained by DHS agents in connection with the criminal charge pending against him. *See United States v.*

*[Oluwadamilola B.]*, No. 25-cr-477 (LMP/JFD), ECF No. 1-1 at 2–6 (D. Minn. filed Dec. 11, 2025). He was ordered to be released on bond on December 16, 2025. *See id.*, ECF No. 23. The same day, DHS served Oluwadamilola B. an administrative warrant for his arrest pursuant to Section 1226(a), ECF No. 13-8, and took him into custody pursuant to an immigration detainer, ECF No. 13-6. Based on these facts, DHS appears to have complied with Section 1226(a)'s requirements. *See, e.g., Joaquin Q. L. v. Bondi*, No. 26-cv-233 (LMP/DTS), 2026 WL 161333, at *2 (D. Minn. Jan. 21, 2026) (citations omitted) ("[I]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a).").

Accordingly, Oluwadamilola B.'s objection relating to his purported claim for unlawful arrest is overruled.

## IV.    Conditions of Confinement

Finally, Oluwadamilola B. argues that the R&R "incorrectly concludes that claims involving unconstitutional confinement conditions categorically fall outside habeas review." ECF No. 21 at 5. But it is well established that if a habeas petitioner "is not challenging the validity of his conviction or the length of his detention . . . then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. .475, 499 (1973)). Oluwadamilola B.'s conditions-of-confinement claim, liberally construed, is more appropriately understood as a claim of an Eighth Amendment violation under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Spencer v. Haynes*, 774 F.3d 467, 471

(8th Cir. 2014).  But because his petition also raises claims that are appropriately brought in habeas, it is inappropriate to "transform[]" his petition into a *Bivens* claim.  *Cf. id.*

Oluwadamilola B.'s objection relating to his conditions-of-confinement claim is overruled.

## CONCLUSION

For the reasons discussed above, under de novo review, Oluwadamilola B.'s objections to the R&R are overruled.  And because the Court otherwise discerns no clear error in the R&R, *see Grinder*, 73 F.3d at 795, the Court adopts the R&R in full.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. Oluwadamilola B. Objections to the R&R (ECF No. 21) are **OVERRULED**;

2. The R&R (ECF No. 20) is **ADOPTED**;

3. Oluwadamilola B.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**; and

4. This matter is **DISMISSED WITHOUT PREJUDICE**.

   **LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: June 2, 2026                                      *s/Laura M. Provinzino*
                                                          Laura M. Provinzino
                                                          United States District Judge